IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Darrin Lawyer, | ) | C/A NO. 6:07-1798-CMC-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Tom Fox, Director of J. Reuben Long Detention Center; and Phillip Thompson, Horry County Sheriff, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation ("Report"). On February 27, 2008, the Magistrate Judge issued a Report recommending that the complaint be dismissed for Plaintiff's failure to prosecute. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge's Report indicates that "A check of the South Carolina Department of Corrections records does not indicate the plaintiff has been incarcerated within that system." Report and Recommendation at 1 (Dkt. # 24, filed Feb. 27, 2008). However, Defendants' motion for summary judgment indicates that Plaintiff has been sentenced and is currently housed in the South Carolina Department of Corrections. The Clerk is directed to re-serve Plaintiff with a copy of the Magistrate Judge's Report. It appears he is currently housed at Ridgeland Correctional Institution as "Darin Lawyer." Plaintiff shall have until **Friday, April 4, 2008** to contact this court and indicate whether or not he wishes to proceed with this action. If Plaintiff so contacts the court, this matter shall be recommitted to the Magistrate Judge for further proceedings. If Plaintiff does not contact the court by April 4, this matter shall be dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2008