IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Darrin Lawyer,                             ) | C/A NO. 6:07-1798-CMC-WMC |
|                 Plaintiff,          ) | |
|                                ) | **OPINION and ORDER** |
|          v.                              ) | |
| Tom Fox, Director of J. Reuben Long   ) | |
| Detention Center; and Phillip Thompson, ) | |
| Horry County Sheriff,                      ) | |
|                 Defendants.      ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation ("Report"). On February 27, 2008, the Magistrate Judge issued a Report recommending that the complaint be dismissed for Plaintiff's failure to prosecute. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

On March 21, 2008, this court directed that the Clerk re-serve the Report and gave Plaintiff until Friday, April 4, 2008, to file a response. Plaintiff having failed to respond to this court's order, the court hereby adopts the Report of the Magistrate Judge and dismisses this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 7, 2008

C:\Documents and Settings\jwt09\Local Settings\Temp\notes6030C8\07-1798 Lawyer v. Fox e adopt rr dism failure to prosecute.wpd